Spencer C. **BROCK** et al., Libelants,

v.

S.S. **SOUTHAMPTON**, her boilers, engines, tackle, apparel, furniture, cargo and equipment, Respondents.

The **BANK OF NOVA SCOTIA**, a Canadian corporation, Intervening Libelant,

v.

S.S. **SOUTHAMPTON**, her boilers, engines, tackle, apparel, furniture, cargo and equipment, Respondents.

Civ. No. 63–53.

United States District Court
D. Oregon.

Jan. 29, 1964.

See also, 231 F.Supp. 280.

Erskine B. Wood, Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for libelants.

Carl R. Neil, Krause, Lindsay & Nahstoll, Portland, Or., for claimant Bank of Nova Scotia.

SOLOMON, Chief Judge.

The Bank of Nova Scotia (Nova Scotia) seeks an order for $105,000.00 from funds in the Registry of this Court from the sale of the SS Southampton. The claim arises out of a transaction in which Nova Scotia advanced this amount on order of Kulukundis Maritime Industries, Inc. (KMI) to meet a payment due on Manufacturers Hanover Trust Company's (Manufacturers) first preferred ship mortgage on the SS Southampton.

Nova Scotia contends that its claim is a preferred lien of equal rank and dignity with Manufacturers' first preferred ship mortgage on the maritime theory of advances. The preferred status of Manufacturers was recognized and its mortgage claim satisfied by order of this Court on May 3, 1963.

The intervening libelant, The Marine Midland Trust Company of New York, raises three objections to the payment of Nova Scotia's claim. It asserts that the theory of advances does not apply to advances for mortgage payments; that Nova Scotia did not rely on the credit of the vessel; and that Nova Scotia is not a citizen of the United States and cannot claim rights under a preferred ship mortgage, particularly since it failed to comply with the provisions of the Ship Mortgage Act relating to non-citizens.

The intervening libelant denies the applicability of the theory of advances on the ground that the law remains as it existed on June 5, 1920, when ship mortgages did not have preferred status. 46 U.S.C.A. § 974. It also contends that absent specific statutory authorization

one should not be able to obtain a secret lien for loans to pay installments on preferred ship mortgages because it would permit the owners of a vessel to perpetrate a fraud on creditors who deal with the vessel on the assumption that the installments are being paid from the funds of the vessel. I find it unnecessary to decide this question because Nova Scotia failed to establish its preferred status on other grounds.

■■■ A maritime lien arises only when the advancer of funds or supplies relies on the credit of the vessel for security. Marshall & Co. v. S.S. "President Arthur", 279 U.S. 564, 49 S.Ct. 420, 73 L.Ed. 846 (1929). A presumption of reliance on the credit of the vessel arises when one advances certain specified necessaries to a vessel. 46 U.S.C.A. § 971. Section 971 does not refer specifically to advances to meet mortgage payments and, therefore, the presumption is not available for such advances. Nova Scotia must, therefore, prove its reliance on the credit of the vessel in order to establish its preferred lien status. It failed to do it. Nova Scotia's loan was secured by an assignment of $109,577.04 in freight due KMI from the United States Army-Military Sea Transportation Service for a voyage then in progress and by a demand promissory note executed by KMI. The taking of other security does not in itself prove non-reliance on the credit of the vessel. But here, Mr. Helstern, supervisor of Nova Scotia's New York branch, which negotiated the loan, testified that he gave no consideration to the prospect of a lien against the vessel. Without the presumption of Section 971 and with no evidence of reliance, Nova Scotia's claim for preferred status must fail.

■■■ There is another reason why Nova Scotia cannot prevail. Nova Scotia is a citizen of Canada. The Ship Mortgage Act of 1920 provides that a preferred ship mortgage may only be held by a United States citizen. 46 U.S.C.A. § 922(a) (5). The Act further provides that the assignment of rights under a preferred ship mortgage to a non-citizen may be accomplished only with the approval of the Secretary of Commerce. 46 U.S.C.A. § 961(a). Nova Scotia could have arranged an assignment of rights under Manufacturers' mortgage to a United States citizen-trustee. This would have entitled it to a beneficial interest in Manufacturers' mortgage.

Nova Scotia was familiar with the Ship Mortgage Act and the methods by which a non-citizen could acquire rights under a preferred ship mortgage. It had previously secured a prior loan to KMI by arranging a mortgage assignment to the Chase Manhattan Bank as trustee-mortgagee.

■■■ Where Congress has provided for a specific method or methods by which a non-citizen may protect its interest and gain preferred status, a non-citizen will not be entitled to the benefits of the Act without complying with its provisions. Such a rule appears particularly appropriate where, as here, the non-citizen knows how to obtain preferred status.

The claim of The Bank of Nova Scotia is denied.